UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICKEY ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00518-JMS-TAB |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Granting Motion to Dismiss and
Directing Entry of Final Judgment**

Petitioner Mickey Robinson (Robinson) initiated this action under 28 U.S.C. § 2254 to challenge a prison disciplinary conviction for possession or use of a controlled substance, which resulted in a credit time deprivation that was suspended and a demotion in credit class. Dkt. 1, p. 1.

The respondent seeks dismissal of this action because Robinson's grievous sanctions have now been vacated. Robinson did not respond to the motion to dismiss and the time for doing so has passed. For the reasons explained below, the motion to dismiss, dkt. [10], is **granted**.

**I. Background**

On March 8, 2017, Robinson was found guilty of B-231 possession of intoxicants in case number REF 17-03-0006. The sanctions imposed included a 90 day deprivation of earned credit time, suspended, and a demotion from credit class 1 to credit class 2. Dkt. 2-1, p. 4. On April 5, 2017, Robinson's appeal to the final reviewing authority for the Indiana Department of Correction (IDOC) was denied. Dkt. 2-1, p. 5.

On February 22, 2018, Robinson filed this habeas petition asserting that his due process rights were violated because officials did not test the substance found in his hand that allegedly

resembled a roach joint. Dkt. 2. On May 24, 2018, the IDOC reviewed the disciplinary case and decided to dismiss the disciplinary hearing officer's guilty verdict, rescinding the sanctions, including the demotion in credit class, and expunging the matter from Robinson's records. Dkt. 10-2.

## II. Discussion

The respondent argues that because the conviction and sanctions challenged in this case have been vacated and completely dismissed this action is now moot and must be dismissed. As noted, Robinson has not opposed the motion to dismiss.

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.") (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)); *Honig v. Doe,* 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted). The development described above, being that the finding of misconduct was vacated and the sanctions rescinded, renders the action moot.

A case which is moot must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523

U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

The respondent's motion to dismiss, dkt. [10], is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 6/25/2018

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MICKEY ROBINSON
865912
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov